THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS
ABRAMOWITZ and 268 Others, Appellants.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial
Department, March 15, 1928.

Crimes — disorderly conduct — defendant and 268 others were arrested
in raid on premises where indecent performance was being conducted
— complaint against defendant charges violation of Penal Law, § 722,
subd. 5, and Consolidation Act, § 1458 — defendant was tried and con-
victed for violation of Consolidation Act, § 1459 — mere presence of
defendant and other appellants at exhibition of this character did not
violate any statutes defining disorderly conduct — judgment of con-
viction reversed and fines refunded.

Defendant and 268 other appellants, who were arrested for disorderly conduct in
violation of subdivision 5 of section 722 of the Penal Law and section 1458 of
the Consolidation Act, in a raid on premises in which an indecent performance
was being conducted, and subsequently tried and convicted of a violation of
section 1459 of the Consolidation Act, are entitled to a reversal of the judgment
of conviction on the law, since the particular statutes upon which the complaints
were based were not specifically designated.

Moreover, the record does not show what, if anything, the defendant or any of the
appellants did or said, and no matter how reprehensible the defendant and the
appellants may have been in attending an exhibition of this character, their
mere presence is not a violation of any of the statutes defining disorderly conduct.

The comptroller of the city of New York should refund to the defendant and to the
appellants the five dollars fine paid by them.

APPEAL from a judgment of conviction had in the City Magis-
trates' Court, First District, Borough of Brooklyn, on October 25,
1927, adjudging the appellants guilty of disorderly conduct tend-
ing to a breach of the peace and from the five-dollar fine imposed
upon each of them by the magistrate.

*Francis D. McGarey,* for the appellants.

*Charles J. Dodd, District Attorney* [*George F. Palmer* of counsel],
for the respondent.

PER CURIAM.    On October 24, 1927, the police raided the prem-
ises 301 Schermerhorn street.    These premises were known as Odd
Fellows Memorial Hall and consisted of a building that was rented
to various organizations as lodge rooms.    At the time of the arrest
there was a large gathering assembled in one of these rooms and
they were being entertained by a performance that according to
the evidence was indecent, vulgar and immoral.    After witnessing
part of the performance the police arrested all of the spectators to
the number of 269.    These persons were arraigned before the magis-

PEOPLE *v.* ABRAMOWITZ. · 19

Misc. 18]    Court of Special Sessions, City of New York, March, 1928.

trate on charges of disorderly conduct tending to a breach of the peace. The magistrate convicted them and imposed a fine of five dollars on each defendant or one day in the City Prison. From these judgments the appellants, 269 in number, have appealed to this court.

The return shows that they were not tried on separate complaints, one for each appellant, but were divided into six groups of eighteen or more appellants and one separate complaint against the appellant Morris Abramowitz.

The bodies of these seven complaints are identical as to phraseology and read as follows:

" CITY MAGISTRATES' COURT OF THE CITY OF NEW YORK.
" FIRST DISTRICT, BOROUGH OF BROOKLYN.
" CITY OF NEW YORK, } *ss.:*
County of Kings }

" Harry Sullivan, of the 18th Police Inspection Division, Police Officer being duly sworn deposes and says that on the 24th day of October 1927 at the City and County of aforesaid, same being within a city of more than five hundred thousand inhabitants,

[Names of appellants]

(now here) were in premises No. 301 Schermerhorn Street, in a hall which is being rented by its owners for use for meetings and amusement purposes, and they did with about 280 others commit the offense of Disorderly Conduct tending to a breach of the peace, in that they were present in said premises while an indecent performance was in progress with some women partly nude and one woman, Bobby Jennings, all nude, dancing in an indecent and suggestive manner and in a manner so as to be sensuous, in the course of which, and during the period of time from the hour of 9 o'clock and to the hour of 10.30 o'clock P. M., those present were shouting, yelling during the night and disturbing persons residing in the vicinity of said premises, all in violation of the law for such cases made and provided by the Legislature of the State of New York.

" Wherefore deponent prays that the said defendants may be dealt with according to law.

" HARRY SULLIVAN

" Sworn to before me, this 25th
        day of Oct. 1927.

· " (Sgd)   DAVID HIRSCHFIELD
                " *City Magistrate.*"

It is peculiar, however, that the indorsements on the back of the complaints are not all identical. The complaint against

Abramowitz bears this indorsement: " Charge with the offense of Disorderly Conduct tending to breach of the Peace — Noise — Section 722 Subd. 5 P. L." It is plain that upon this complaint the appellant Abramowitz was charged with a violation of section 722, subdivision 5, of the Penal Law (added by Laws of 1923, chap. 642, as amd. by Laws of 1924, chap. 476) which reads:

" § 722. Disorderly Conduct. In cities of five hundred thousand inhabitants or over any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:    *    *    *

" (5) Shouts or makes a noise either outside or inside a building during the night time to the annoyance or disturbance of any considerable number of persons."

The other six complaints are indorsed in this manner: " Charged with the offense of Disorderly Conduct, Section 1458 Consolidation Act," which reads:

" § 1458. Every person in said city and county shall be deemed guilty of disorderly conduct that tends to a breach of the peace, who shall in any thoroughfare or public place in said city and county commit any of the following offenses, that is to say:    *    *    *

" (3) Every person who shall use any threatening, abusive, or insulting behavior with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned."

The appellants were all tried at one time as will be shown later. The question as to the statute under which they were to be tried was raised by the attorney for the appellants and the following appears in the trial: " Mr. McGarey (attorney for the appellants): The particular reason is, I want to know under what section I am proceeding under? The Court: Under the Consolidation Act. Mr McGarey: Is it section 1458 or 1459 we are proceeding under? The Court: The section that provides that any conduct by the defendant, which in the sound judgment of the magistrate tends to a breach of the peace."

This last remark of the magistrate clearly shows that he elected to try the appellants as though the complaint charged a violation of section 1459 of the Consolidation Act, which reads: " § 1459. Whenever it shall appear, on oath of a credible witness before any police justice in said city and county, that any person in said city and county has been guilty of any such disorderly conduct as in the opinion of such magistrate tends to a breach of the peace, the said magistrate may cause the person so complained of to be brought before him to answer the said charge."

These appeals are, therefore, based on convictions for a violation

PEOPLE *v.* ABRAMOWITZ. **21**

Misc. 18]    Court of Special Sessions, City of New York, March, 1928.

of section 1459 of the Consolidation Act and the complaints charge violation of section 722, subdivision 5, of the Penal Law and section 1458 of the Consolidation Act.    Such a conviction should be reversed in our opinion and such a ruling would not be at variance with the opinion expressed by HOTCHKISS, J., dissenting, in *People* v. *Fogel* (167 App. Div. 550) or *People* v. *Robinson* (73 Misc. 343), for in these cases the particular statutes upon which the complaints were based were not specifically designated.    There are, however, other grounds urged as a basis for reversing these convictions.

On account of the number of defendants involved and to save time the case against Abramowitz was tried first.    It was agreed that the testimony taken in this case should be considered as applying to the others with the same force and effect as though the witnesses were called again, sworn and testified.

The officer testified that he gained admission to the room on the fifth floor by presenting a ticket to a lecture to be given by Albert Young at 301 Schermerhorn street, Odd Fellows Memorial Hall, eight-thirty sharp.    He was questioned by a man at the door who said that they had to be very careful and that they would not let any bulls in.    He finally got in and took a seat in the audience. The performance began with a man who sang songs and told jokes; the audience kept shouting that they did not want him — to bring on the women.    After this there were two dances by two women.

These dances were undoubtedly vulgar and the women were scantily clothed; the audience shouted to them to take of their clothes and shouted remarks that were disgusting.    Finally a woman danced before them entirely nude and then the officers raided the place and arrested the appellants who were all supposedly of the audience.    This was the case for the People; the appellant Abramowitz took the stand, said that he had come to the meeting expecting it to be a lodge meeting of the Knights of Pythias; that he had paid three dollars at the door as there was to be a lecture; that he saw the performance and that it was as described by the officer; that he tried to get out but could not and that he had made none of the remarks that the officer testified to.    The officer was recalled and said that he was unable to say what Abramowitz or any other individual said but that the vulgar remarks were made by all of the audience.    On this testimony and this only Abramowitz and the other appellants were convicted and fined.

There is nothing in the record to show what, if anything, each of the appellants did or said.    We must assume they were present in the hall and witnessed the performance although there is little proof of this in the record before us except as to Abramowitz.

There is no evidence to show that the shouting above mentioned annoyed any considerable number of persons or could have been heard on the public street below.

These judgments must be reversed on the authority of *People* v. *Miller* (196 N. Y. Supp. 904). No matter how reprehensible the conduct of these appellants may have been in attending an exhibition of this character, their mere presence is not a violation of any of the statutes defining disorderly conduct.

Judgment of conviction reversed on the law, the facts having been examined and no errors found therein. And it is further ordered that the comptroller of the city of New York refund to the appellants the five dollars fine paid by them.

All concur; present, KERNOCHAN, FETHERSTON and HERBERT, JJ.